CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Emmanuel Ramirez**,<br><br>        Plaintiff,<br><br>    v.<br><br>**Continental Investment Group,** a<br>Nevada Corporation;<br>**Francisco Ramirez**;<br>and Does 1-10,<br><br>        Defendants. | Case No.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act. |

Plaintiff Emmanuel Ramirez complains of Defendants Continental Investment Group; Francisco Ramirez; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. He suffers from Muscular Dystrophy, cannot walk, and uses a wheelchair for mobility.

2.  In June 2015, Defendant Continental Investment Group was the real property owner of the building/parcel located at or about 913 North Sunset

1

Complaint

Avenue, La Puente, California.

3.   Currently, Defendant Continental Investment Group is the real property owner of the building/parcel located at or about 913 North Sunset Avenue, La Puente, California.

4.   In June 2015, Defendant Francisco Ramirez was the business owner of La Lupita Meat and Produce Grocery, located at or about 913 North Sunset Avenue, La Puente, California ("La Lupita").

5.   Currently, Defendant Francisco Ramirez is the business owner of La Lupita.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the

Complaint

Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. La Lupita is a facility open to the public, a place of public accommodation, and a business establishment.

11. Parking is one of the facilities privileges and advantages offered by Defendants to patrons of La Lupita.

12. Unfortunately, the parking at La Lupita is not accessible to persons with disabilities.

13. In June 2015, the parking stall and access aisle for use by persons with disabilities were not level with each other because there was a built up curb ramp that ran into the access aisle.

14. In June 2015, the access aisle had a slope greater than 2%.

15. Currently, the parking stall and access aisle for use by persons with disabilities are not level with each other because there is a built up curb ramp that runs into the access aisle.

16. Currently, the access aisle has a slope greater than 2%.

17. Paths of travel are another one of the facilities, privileges and advantages offered by Defendants to patrons of La Lupita.

18. Unfortunately, the paths of travel at La Lupita are not accessible to persons with disabilities.

19. In June 2015, the entrance to La Lupita required a front approach to the pull side of a swinging door.

20. In June 2015, the path of travel along the sidewalk in front of La Lupita offered less than 18 inches of clearance on the strike side of the entrance door.

Complaint

21. Currently, the entrance to La Lupita requires a front approach to the pull side of a swinging door.

22. Currently, the path of travel along the sidewalk in front of La Lupita offers less than 18 inches of clearance on the strike side of the entrance door.

23. Plaintiff visited La Lupita in June 2015.

24. Plaintiff personally encountered these barriers.

25. These barriers denied Plaintiff full and equal access and caused him great difficulty and frustration.

26. Plaintiff would like to return to and patronize La Lupita but will be deterred from visiting until the defendants cure the violations.

27. Additionally, on information and belief, the plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

28. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

29. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191

(9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

30. Plaintiff is and has been deterred from returning and patronizing La Lupita because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize La Lupita as a customer once the barriers are removed.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42  U.S.C. section 12101, et seq.)

31. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

32. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

      a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

      b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

Complaint

1    defined by reference to the ADAAG, found at 28 C.F.R., Part 36,
2    Appendix "D."

3    c.  A failure to make alterations in such a manner that, to the
4    maximum extent feasible, the altered portions of the facility are
5    readily accessible to and usable by individuals with disabilities,
6    including individuals who use wheelchairs or to ensure that, to the
7    maximum extent feasible, the path of travel to the altered area and
8    the bathrooms, telephones, and drinking fountains serving the
9    altered area, are readily accessible to and usable by individuals
10   with disabilities. 42 U.S.C. § 12183(a)(2).

11   33. Under the 1991 Standards, parking spaces and access aisles must be
12   level with surface slopes not exceeding 1:50 (2%) in all directions. 1991
13   Standards § 4.6.2. Here, the access aisle is not level and has a ramp taking up
14   part of the access aisle. Under the 2010 Standards, access aisles shall be at the
15   same level as the parking spaces they serve. Changes in level are not permitted.
16   2010 Standards 502.4. "Access aisle are required to be nearly level in all
17   directions to provide a surface for wheelchair transfer to and from vehicles."
18   2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not
19   permitted to project into access aisles and parking spaces. *Id.* No more than a
20   1:48 slope is permitted. 2010 Standards § 502.4.

21   34. Here the failure to provide level parking is a violation of the ADA.

22   35. When the entrance requires a front approach to the pull side of a
23   swinging door, there must be a minimum of 18 inches clear floor space to the
24   strike side of the doorway. 1991 Standards § 4.13.6, figure 25(a); 2010
25   Standards § 404.2.4.1.

26   36. Here the failure to provide that strike side clearance is a violation of the
27   ADA.

28   37. A public accommodation must maintain in operable working condition

6

Complaint

those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

38. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

39. Given its location and options, La Lupita is a business that the plaintiff will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

40. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

41. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

42. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: Plaintiff

Complaint

is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.


Dated: February 12, 2016          CENTER FOR DISABILITY ACCESS


By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

8

Complaint